IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CORDELL LOVE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-25-913-SLP |
| ) | |
| EQUIFAX INFORMATION SERVICES, ) | |
| LLC and EXPERIAN INFORMATION ) | |
| SOLUTIONS, INC., ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

The following matters are before the Court: (1) Plaintiff's Response [Doc. No. 22] to the Court's December 1, 2025 Order [Doc. No. 20] directing Plaintiff to show cause as to Plaintiff's failure to timely file his Amended Complaint, and; (2) Defendant Equifax Information Services LLC's Motion to Dismiss Plaintiff's Complaint and Brief in Support [Doc. No. 11].

Counsel for Plaintiff states that he "failed to file the Amended Complaint . . . as separate docket entries following the Court's Order . . . and due to an oversight, neglected to refile them separately as required." [Doc. No. 22] at 2. Plaintiff's repeated failure to comply with the requirements of Rule 15(a)(2) of the Federal Rules of Civil Procedure has resulted in a gross waste of judicial resources for an otherwise simplistic and unopposed amendment. *See* [Doc. Nos. 16 and 20]. The Court does not find the imposition of sanctions, including dismissal of the matter, is appropriate at this time. However, Plaintiff and his counsel are admonished and warned that any failure to comply with the Court's

orders in the future may result in a monetary fine, dismissal of this action, or any other sanctions the Court deems proper. *See* Fed. R. Civ. P. 41(b); *Olsen v. Mapes*, 333 F.3d 1199, 1204, n.3 (10th Cir. 2003) (Rule 41(b) "has long been interpreted to permit district courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.").

Plaintiff submitted what he purports to be the Amended Complaint [Doc. No. 21] before filing the Response. Notably absent from the Court's Order [Doc. No. 20] is any indication that Plaintiff was granted further leave to file the Amended Complaint. While the Court is appreciative of counsel's attempt to correct his mistake, Plaintiff still has not procedurally complied with the requirements of Rule 15(a)(2). However, Plaintiff was previously granted leave to file the Amended Complaint and counsel for Defendants did not oppose the previous request for leave. *See* [Doc. Nos. 17 and 18]. In light of these circumstances and in an effort to avoid a further waste of judicial resources, the Court, acting sua sponte, deems Plaintiff's Amended Complaint [Doc. No. 21] as filed and it is now the operative pleading.

Due to the filing of Plaintiff's Amended Complaint [Doc. No. 21], "[t]he [A]mended [C]omplaint, as the operative complaint, supersedes the original complaint's allegations[.]" *May v. Segovia*, 929 F.3d 1223, 1229 (10th Cir. 2019). Thus, those allegations are of "no legal effect." *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991). Accordingly, Defendant's Motion to Dismiss [Doc. No. 11] is DENIED AS MOOT.

IT IS SO ORDERED this 4th day of December, 2025.

                                                      *[signature]*
                                                      **SCOTT L. PALK**
                                                      **UNITED STATES DISTRICT JUDGE**